UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 05-295(DSD/JJG)

Jesse Huset,

      Plaintiff,

v.                                                              **ORDER**

City of Roseville, a municipal
corporation; John Jorgenson,
individually and in his capacity
as a police officer in the Police
Department of the City of Roseville;
and Angus Perkins, individually and
n his capacity as a police officer
n the Police Department of the
City of Roseville,

      Defendants.


    Scott Swanson, Esq. and Sjoberg & Tebelius, P.A., 2145
    Woodlane Drive, Suite 101, Woodbury, MN 55125 and Paul
    Applebaum, Esq. and Applebaum Law Firm, First National
    Bank Building, 332 Minnesota Street, Suite W1610, St.
    Paul, MN 55101, counsel for plaintiff.

    Joseph E. Flynn, Esq. and Jardine, Logan & O'Brien, 8519
    Eagle Point Boulevard, Suite 100, Lake Elmo,MN 55042,
    counsel for defendants.


This matter is before the court upon defendants' motion for summary judgment. Based upon a review of the file, record and proceedings herein, and for the reasons stated, the court grants defendants' motion.

**BACKGROUND**

This action is brought pursuant to 42 U.S.C. § 1983[1] based upon an alleged violation of plaintiff Jesse Huset's Fourth Amendment right to be free from unlawful search and seizure. At approximately 12:30 a.m. on January 1, 2004, defendants Officer John Jorgenson and Officer Angus Perkins, police officers of defendant City of Roseville, arrived at plaintiff's apartment in response to a noise complaint. Upon entering the apartment, the officers ultimately arrested plaintiff after they confirmed the noise violation and consumption of alcohol by minors and plaintiff refused to comply with their orders. This lawsuit arises out of the events that gave rise to plaintiff's arrest.

The night of December 31, 2003, plaintiff invited eight friends to a party on New Year's Eve at his apartment, where he provided a variety of alcoholic beverages. Throughout the evening, he and his friends played cards, listened to music and consumed alcohol. Shortly after midnight, the Roseville Police Department received a loud noise complaint concerning plaintiff's apartment and dispatched Officers Jorgenson and Perkins. Upon approaching the door, the officers heard loud music coming from plaintiff's

---

[1] The statute provides that "[e]very person who, under color of [law], subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ...." 42 U.S.C. § 1983.

apartment. Jorgenson knocked on the door several times and, following no response, proceeded to use his flashlight to knock on the deadbolt. At that point, the music was turned down and plaintiff answered the door.

The officers informed plaintiff that they were responding to a noise complaint, and plaintiff apologized for the loud music. While talking to plaintiff, Jorgenson saw two individuals who he believed to be under the age of twenty-one cross the hallway behind plaintiff while holding alcoholic beverages. (Jorgenson Dep. at 30-35.) Jorgensen then heard someone say, "oh shit, it's the cops." (Id. at 37.) At that point, Jorgenson requested entry into plaintiff's apartment to verify that everybody present was twenty-one years of age, but plaintiff refused. According to plaintiff, after he denied multiple requests to enter, Jorgenson reached through the doorway, placed his hand on plaintiff's chest and pushed plaintiff out of the way, and into a closet door. (Huset Dep. at 36-38.) Jorgenson and Perkins entered plaintiff's apartment, but plaintiff stepped in front of them with his arms raised in an attempt to stop their entry. (Id. at 45-47.) Jorgenson then proceeded to push plaintiff in the chest with both hands, backing him into the living room where the rest of the party attendees were present. (Id.) Once in the living room, the officers requested identification from everybody present and confirmed that two party attendees were minors.

3

Jorgenson asked plaintiff to accompany him out of the living room. Plaintiff claims that before he could respond, Jorgenson grabbed him by the sweater and pulled him into the kitchen. (Id. at 55.) In the kitchen, plaintiff physically refused to let Jorgenson lead him further because he did not want to leave the apartment. (Id. at 57.) Jorgenson repeatedly told plaintiff "let's go," which plaintiff understood as a command to leave the apartment. (Id. at 58-59.) Plaintiff claims that Jorgenson then grabbed him and threw him into the dining room, where he landed on the floor face-down. (Id. at 60.) Jorgenson then got on top of plaintiff and handcuffed him while allegedly taunting him about his height. Plaintiff suffered no physical injuries, bruises or markings of any kind as a result of his interactions with Jorgenson, but claims that he was sore for one to two days following the incident. (Id. at 61-63.)

Following his arrest, plaintiff was held at the Ramsey County Law Enforcement Center for three days for obstructing legal process and furnishing alcohol to a minor, but was not ultimately charged with either offense. On January 18, 2005, plaintiff filed this § 1983 action claiming that defendants deprived him of his Fourth Amendment right to be free from unreasonable search and seizure as well as state law claims of assault, battery and excessive force.[2]

---

[2] In support of his § 1983 claim, plaintiff also summarily pleaded violations of his First and Fifth Amendment rights. (continued...)

Plaintiff having voluntarily dismissed all claims against defendants Perkins and the City of Roseville, defendant Jorgenson moves for summary judgment.[3]

**DISCUSSION**

**I.   Summary Judgment Standard**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In order for the moving party to prevail, it must demonstrate to the court that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

---

[2](...continued)
However, plaintiff has provided no factual basis or legal authority in support of a First or Fifth Amendment claim, and it is undisputed that all of his § 1983 claims are properly analyzed under the Fourth Amendment.

[3] Plaintiff has abandoned his claim of conspiracy to interfere with civil rights in violation of 42 U.S.C. § 1985, as well as his state law claims of negligent infliction of emotional distress, invasion of privacy, aiding and abetting tortious conduct, false arrest and false imprisonment.

(1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252.

On a motion for summary judgment, all evidence and inferences are to be viewed in a light most favorable to the non-moving party. See id. at 255. The non-moving party, however, may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. See Celotex, 477 U.S. at 324. Moreover, if a plaintiff cannot support each essential element of his claim, summary judgment must be granted because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Id. at 322-23.

**II.  Section 1983 Claims**

Jorgenson argues that he is entitled to qualified immunity from plaintiff's § 1983 claims. Qualified immunity provides protection from civil liability to government agents who perform discretionary functions, so long as the challenged actions are objectively reasonable in light of clearly established legal principles. See Anderson v. Creighton, 483 U.S. 635, 638 (1987). Qualified immunity is a question of law that the court determines as early as possible so as to shield appropriate officials from suit. See Gainor v. Rogers, 973 F.2d 1379, 1382-83 (8th Cir. 1992). In evaluating a claim of qualified immunity, the initial

inquiry is whether the facts alleged show a violation of a constitutional right. Saucier v. Katz, 533 U.S. 194, 201 (2001); Craighead v. Lee, 399 F.3d 954, 961 (8th Cir. 2005). If the facts alleged by plaintiff do not establish a violation of a constitutional right, no further inquiry is necessary and qualified immunity is warranted. Saucier, 533 U.S. at 201.

However, if the facts do allege a constitutional violation, the court must determine whether the right alleged to be violated was clearly established so that a reasonable officer would understand that the conduct he engaged in was unlawful. See id.; Wilson v. Layne, 526 U.S. 603, 614-15 (1999). In other words, "the unlawfulness must be apparent" in light of pre-existing law. Anderson, 483 U.S. at 640. This second inquiry is fact-intensive and "undertaken in light of the specific context of the case." Saucier, 533 U.S. at 201. The court applies the doctrine of qualified immunity in a manner that "'gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law.'" Walker v. City of Pine Bluff, 414 F.3d 989, 992 (8th Cir. 2005) (quoting Hunter v. Bryant, 502 U.S. 224, 229 (1991)).

In support of his § 1983 claims, plaintiff argues that Jorgenson violated his Fourth Amendment right to be free from unreasonable search and seizure. Specifically, he claims that probable cause and exigent circumstances did not exist to support

the warrantless entry into his apartment, Jorgenson lacked probable cause for plaintiff's warrantless arrest and Jorgenson's use of force in arresting plaintiff was excessive. The court addresses each claim in turn.

**A.    Unlawful Entry**

Plaintiff claims that Jorgenson violated his right to be free from unreasonable search by entering his apartment absent consent, a warrant, or probable cause and exigent circumstances. To protect people from unreasonable searches, the Fourth Amendment requires that police have a warrant supported by probable cause before they can enter a citizen's home. See U.S. Const. amend. IV. However, a police officer may lawfully enter and search a home without a warrant if probable cause and exigent circumstances exist. Radloff v. City of Oelwein, 380 F.3d 344, 348 (8th Cir. 2004) (citing Anderson, 483 U.S. at 641). The legality of a warrantless entry depends upon whether an "officer acted with a reasonable belief that probable cause and exigent circumstances existed, not on whether either actually existed." Id. (citing Anderson, 483 U.S. at 641); see also Greiner v. City of Champlin, 27 F.3d 1346, 1353 (8th Cir. 1994).

Probable cause exists if an officer could reasonably believe, under the totality of the circumstances, that illegal activity will be discovered in a particular place. Radloff, 380 F.3d at 348; Kleinholz v. United States, 339 F.3d 674, 676 (8th Cir. 2003).

8

Exigent circumstances typically include imminent escape, potential destruction of evidence, threat to human life or a "compelling need for official action with no time to secure a warrant." Radloff, 380 F.3d at 348 (citing Michigan v. Tyler, 436 U.S. 449, 509 (1978)). Exigent circumstances can include loud noise created by a party and the threat to public safety that juveniles who are under the influence of alcohol may leave the scene of a party. Id.

The night of the party, while talking to plaintiff, Jorgenson claims that he observed two young people holding alcoholic beverages who Jorgenson believed to be under the age of twenty-one.[4] (See Jorgenson Dep. at 33-34; Huset Dep. ex. 1.) Based on this observation, it was reasonable for Jorgenson to believe under the circumstances that the crime of furnishing alcohol to minors was occurring within plaintiff's apartment. Accordingly, probable cause for the warrantless entry existed. See Radloff, 380 F.3d at 348 (probable cause existed when officer reasonably believed

---

[4] Plaintiff disputes that Jorgenson could have seen the underage attendees consuming alcohol from the doorway. However, plaintiff concedes that he does not know who Jorgenson saw, the location of the underage attendees, or whether those attendees were holding alcoholic beverages because his back was towards the apartment while he was speaking to Jorgenson. (See Huset Dep. at 35; 49-50.) The female underage attendee stated that, although she believes she would have set her drink down, she remembers walking towards the door to see what was going on and that it "is possible" that Jorgenson could have seen her from the doorway. (Keen Dep. at 21-22.) Moreover, regardless of who Jorgenson saw cross the hallway, based upon the photograph of those present an objective officer could have reasonably believed any of the attendees to be under the age of twenty-one. (See Flynn Aff. ex. 3.)

illegal activity was occurring upon observing a minor drinking a beer).

Jorgenson argues that exigent circumstances also existed to support the warrantless entry based upon the "threat to public safety if the juveniles left the house in cars while under the influence of alcohol." Radloff, 380 F.3d at 348. The court agrees. Plaintiff cites In re The Welfare of B.R.K, 658 N.W.2d 565 (Minn. 2003), in support of his argument that a suspicion that minors are consuming alcohol does not qualify as an exigent circumstance. The officers in B.R.K. had received a report by an informant of underage drinking at a private residence, but when they arrived to investigate the house was dark and quiet because the four teenagers were hiding in the basement behind a shut door. See 658 N.W.2d at 579-80. The officers discovered the teenagers following a warrantless search of the entire home based upon their belief that a firearm was inside the home and their observation of open alcohol containers by shining a flashlight through a basement window. Id. at 569. The court in B.R.K. held that, although serious, an officer's concern for the general safety of teenagers believed to be drinking alcohol within a residence where guns might be present did not constitute an exigent circumstance. See id. at 579.

Contrary to the facts involved in B.R.K., Jorgenson and Perkins were called to the scene as a result of a loud party

complaint. The officers did not know of the potential of underage drinking until Jorgenson observed people who he believed to be minors. As the Eighth Circuit stated in Radloff, "[i]t would have been unreasonable to subject the neighbors to the loud noise or to require the officers to quarantine the juveniles' cars during the period of time it would have taken to obtain a warrant." See 380 F.3d at 348. Accordingly, exigent circumstances existed. Because Jorgenson's warrantless entry into plaintiff's apartment was supported by both probable cause and exigent circumstances, it was not unlawful. Therefore, summary judgment is warranted.

Furthermore, an officer enjoys qualified immunity for his actions if he acts upon an objectively reasonable belief that probable cause and exigent circumstances existed under the totality of the circumstances. Anderson, 483 U.S. at 641; Greiner, 27 F.3d at 1353. In light of the noise violation, the commentary Jorgenson heard coming from the apartment and Jorgenson's observation of two of plaintiff's guests who appeared to be under the age of twenty-one, a reasonable officer could have believed that probable cause and exigent circumstances existed to enter the apartment. Therefore, even if probable cause and exigent circumstances did not in fact exist to support the warrantless entry, Jorgenson would nonetheless be entitled to summary judgment on the grounds of qualified immunity.

**B.   Unlawful Arrest**

Plaintiff claims that Jorgenson violated his Fourth Amendment right to be free from unlawful seizure because Jorgenson had no probable cause to arrest him. A warrantless arrest is lawful under the Fourth Amendment if supported by probable cause. Carroll v. United States, 267 U.S. 132, 149 (1925). An officer has probable cause for a warrantless arrest if under the totality of the circumstances a reasonably prudent officer would believe that the suspect had committed an offense. Gorra v. Hanson, 880 F.2d 95, 97 (8th Cir. 1989); Garionis v. Newton, 827 F.2d 306, 309 (8th Cir. 1987). The lawfulness of an arrest is based solely on the reasonableness of an officer's objective acts, without regard to the subjective motivation of the arresting officer or the officer's state of mind. Foster v. Metro. Airports Comm'n, 914 F.2d 1076, 1079 (8th Cir. 1990); Gorra, 880 F.2d at 97. Jorgenson contends that probable cause to arrest plaintiff existed based upon (1) noncompliance with a noise ordinance, in violation of section 405.02 of the City Code of Roseville and (2) furnishing alcohol to minors, in violation of Minnesota Statutes section 340A.503, subdivision 2. The court agrees.[5]

---

[5] Jorgenson also contends that probable caused existed based upon plaintiff's alleged obstruction of the legal process, in violation of Minnesota Statutes section 609.50, subdivision 2. However, because the court determines that probable cause existed based upon the noise violation and the furnishing of alcohol to minors, the court need not determine whether plaintiff's alleged
(continued...)

It is undisputed that the noise level coming from plaintiff's apartment constituted a potential violation of the Roseville noise ordinance, giving the officers arguable probable cause to arrest plaintiff for that violation.  See Greiner, 27 F.3d at 1353 (officers on call for a loud party at 2:00 a.m. who observed loud talking had probable cause to arrest homeowner for maintaining a public nuisance).  Furthermore, once the officers entered the apartment, they confirmed firsthand that minors were present and consuming alcohol.  Given the multitude of alcoholic beverage containers present in plaintiff's apartment, (see Huset Dep. exs. 1-6), a prudent officer under those circumstances would have reasonably believed that plaintiff had provided the minors with the alcohol.  Cf. Radloff, 380 F.3d at 348.  Accordingly, probable cause for plaintiff's arrest also existed based on the officers' reasonable belief that plaintiff had furnished alcohol to minors in violation of Minnesota Statutes section 340A.503, subdivision 2.

Plaintiff argues that his arrest by Jorgenson was unlawful because Johnson arrested him to teach him a lesson.  However, "'the officer's actual state of mind at the time the challenged action was taken' ... is of no significance in determining whether a

---

[5](...continued)
obstruction of legal process provided additional probable cause for plaintiff's arrest.  See Foster v. Metro. Airports Comm'n, 914 F.2d 1076, 1080 (8th Cir. 1990) (where officer has probable cause to believe a person is committing a particular offense, it is immaterial whether officer believed probable cause existed for other offenses as well).

violation of the Fourth Amendment has occurred." United States v. Cummins, 920 F.2d 498, 501 (8th Cir. 1990) (quoting Maryland v. Macon, 472 U.S. 463, 470-71 (1985)). Therefore, the court rejects plaintiff's argument.[6] For all the foregoing reasons, the court concludes that plaintiff's arrest was not unlawful, and summary judgment is warranted.

Furthermore, even if Jorgenson did not in fact have probable cause to arrest plaintiff, the unlawfulness of plaintiff's arrest under the circumstances would not have been apparent to a reasonable officer. See Anderson, 483 U.S. at 640; Pace v. City of Des Moines, 201 F.3d 1050, 1056-57 (8th Cir. 2000). In other words, a reasonable officer could have believed that plaintiff committed the above offenses, either of which could have arguably supplied probable cause to arrest plaintiff. Therefore, even if actual probable cause did not exist, summary judgment would still be warranted on grounds of qualified immunity.

**C.   Excessive Force**

Plaintiff claims that Jorgenson used excessive force during the course of his arrest. The Fourth Amendment guarantees the right to be free from excessive force during the apprehension or detention of a free citizen. Graham v. Connor, 490 U.S. 386, 395

---

[6] During oral argument plaintiff also argued that his arrest and detention violated Rule 6.01 of the Minnesota Rules of Criminal Procedure. However, a violation of state law, without more, does not state a claim under the United States Constitution or 42 U.S.C. § 1983. See Bagley v. Rogerson, 5 F.3d 325, 329 (8th Cir. 1993).

(1989). However, the right to make an arrest "'necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it.'" Henderson v. Munn, 439 F.3d 497, 502 (8th Cir. 2006) (quoting Graham, 490 U.S. at 396). The test is whether the amount of force used was "objectively reasonable under the particular circumstances." Id. (internal citations omitted). The court determines the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the clearer perspective of hindsight. Graham, 490 U.S. at 396. "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation." Id. at 396-97.

When evaluating the amount of force used, the court pays careful attention to the particular facts and circumstances of the case including the nature of the crime, whether the suspect posed an immediate threat to the safety of the officer or others and whether the suspect actively resisted arrest. Graham, 490 U.S. at 396. Not every push or shove violates the Fourth Amendment. See Crumley v. City of St. Paul, 324 F.3d 1003, 1007 (8th Cir. 2003). A "de minimus use of force is insufficient to support a finding of a constitutional violation." Id.; see also Andrews v. Fuoss, 417 F.3d 813, 818 (8th Cir. 2005) (aggravation of pre-existing

15

conditions and minor injuries are de minimus injuries and preclude claim for excessive force).

In support of his excessive force claim, plaintiff points to (1) Jorgenson's placement of his hand on plaintiff's chest to shove him backwards into the closet upon entering the apartment, (2) Jorgenson continuing to push plaintiff backwards down the hallway into the living room and (3) Jorgenson throwing plaintiff onto the floor, getting on top of him and handcuffing him after plaintiff refused to follow Jorgenson out of the apartment. Plaintiff claims that he experienced humiliation, mental distress and anger as a result of the amount of force used. Other than being sore, however, plaintiff did not experience any noticeable or identifiable markings, bruises or physical injuries as a result of Jorgenson's actions. (Huset Dep. at 61-62.) Considering the totality of the circumstance, including the noise violation, the presence of minors consuming alcohol, the degree of plaintiff's admitted lack of cooperation and the lack of injury to plaintiff, the court finds that Jorgenson did not use an objectively unreasonable amount of force. Therefore, plaintiff has not established a violation of his Fourth Amendment right to be free from excessive force, and summary judgment is warranted.

Furthermore, even if plaintiff presented facts sufficient to support a violation of his constitutional right to be free from excessive force, summary judgment would still be appropriate on the

basis of qualified immunity.  To be entitled to qualified immunity, an officer must demonstrate that a reasonable official would not have known that his conduct violated plaintiff's right to be free from excessive force in the situation he confronted.  See Henderson, 439 F.3d at 503.  It would not have been clear to an objectively reasonable officer that using the force Jorgenson did to enter an apartment of a man suspected of furnishing alcohol to minors and to arrest a man upon his refusal to follow the officers' subsequent orders was unlawful.  Therefore, summary judgment in favor of Jorgenson on plaintiff's excessive force claim would also be warranted on grounds of qualified immunity.

### III.  State Law Claims

A district court has discretion whether to exercise supplemental jurisdiction over state law claims joined in a civil action after all claims over which it has original jurisdiction have been dismissed.  28 U.S.C. § 1367(c)(3); see also Franklin v. Zain, 152 F.3d 783, 786 (8th Cir. 1998).  The court has determined that Jorgenson is entitled to summary judgment on all claims within its original jurisdiction.  The court declines to exercise supplemental jurisdiction over plaintiff's state law claims, and dismisses those claims without prejudice.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that defendants' motion for summary judgment [Docket No. 10] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  August 24, 2006

                                                s/David S. Doty
                                                David S. Doty, Judge
                                                United States District Court